IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASSICURAZIONI GENERALI S.P.A. § | |
| § | |
| vs.  § | C.A. NO. 4:22 – cv – 1911 |
| § | |
| MACH 1 AIR SERVICES, LLC, *et al.* § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Assicurazioni Generali S.p.A. files this Original Complaint against Defendants, Mach 1 Air Services, LLC ("Mach"), England Logistics, Inc. ("ELI") and Trey Gibson ("Gibson"), and respectfully will prove by a preponderance of the credible evidence:

### *I.  Nature of the Action*

1. Plaintiff seeks to recover monetary damages for loss to a cargo of a transformer and related equipment (the "cargo") to have been carried over the road safely from the Port of Houston to Mesa, Arizona in June 2021.

### *II.  Jurisdiction and Venue*

2. The Court has original jurisdiction under 28 U.S.C. § 1337(a) because Plaintiff's action is for cargo loss under the Carmack Amendment to the Interstate Commerce Act ("Carmack"), 49 U.S.C. § 14706, and the matter in controversy for each receipt or bill of lading exceeds $10,000.00, exclusive of interest and costs.

3. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiff's alternative claims against Mach and ELI because they are so related to the other claim in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Alternatively, the Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(3) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

5. Venue is proper under 49 U.S.C. § 14706(d)(1) because Plaintiff brings this civil action against the delivering carrier alleged to have caused the loss or damage in a judicial district through which that carrier has operated.

6. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### III. Parties

7. Plaintiff is a corporation organized under law in Italy, with its principal place of business in Genoa, Italy.

8. At all times material, Plaintiff insured Danieli Automation S.p.A. and its affiliated company, Danieli Taranis LLC, (collectively, "Danieli") and/or the cargo.

9. Plaintiff paid and/or will pay Danieli for the cargo's loss under an insurance policy, and is contractually and/or equitably subrogated to Danieli's interest(s) in the cargo and/or is authorized by Danieli to bring this action.

10. Plaintiff brings this action for itself and, as necessary, for every person or entity

2

that is or may become interested in the cargo, including Danieli for all deductible and/or uninsured interests.

11. On information and belief and at all times material, Mach was a limited liability company organized under law in the State of Delaware, with its principal place of business in Tempe, Arizona.

12. On information and belief and at all times material, Mach conducted business in Texas as an interstate carrier, freight forwarder and/or transportation property broker under the assumed and/or alternative name(s) of "Mach 1 Air Services Incorporated," "Mach 1 Global Services," and/or "Mach 1 Ocean Services" by: (a) providing, procuring, arranging, negotiating for sale, offering for sale, selling and/or holding itself out as selling, interstate transportation over the road for compensation to persons and entities in Texas and/or for shipments carried or intended to be carried to, from and/or through Texas, (b) carrying cargo over the road to and from Texas, (c) entering into contracts of affreightment, waybills, bills of lading and/or other contracts of carriage in Texas, (d) entering into contracts of affreightment, waybills, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or (e) by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

13. Alternatively, although Mach may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Mach has sufficient national minimum contacts with the United States as a whole.

14. The exercise of personal jurisdiction over Mach is consistent with the Constitutions and other laws of the United States and Texas.

15. Serving Mach with a summons is effective to establish personal jurisdiction over it.

16. On information and belief, Mach can be served by its Texas agent for service of process designated with the Federal Motor Carrier Safety Administration, Interstate Authority LLC, in care of Bluebonnet Process Service, 10358 Country Road 3101, Winona, Smith County, Texas, 75792.

17. On information and belief and at all times material, ELI was a corporation organized under law in the State of Utah, with its principal place of business in Salt Lake City, Utah.

18. On information and belief and at all times material, ELI conducted business in Texas as an interstate carrier, freight forwarder and/or transportation property broker by: (a) providing, procuring, arranging, negotiating for sale, offering for sale, selling and/or holding itself out as selling, interstate transportation over the road for compensation to persons and entities in Texas and/or for shipments carried or intended to be carried to, from and/or through Texas, (b) carrying cargo over the road to and from Texas, (c) entering into contracts of affreightment, waybills, bills of lading and/or other contracts of carriage in Texas, (d) entering into contracts of affreightment, waybills, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or (e) by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

19. On information and belief, ELI can be served by its registered agent, Corporation Service Company, in care of CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, Texas 78701.

20. On information and belief, Gibson is an individual and sole proprietor not authorized to do business in Texas but, at all times material, conducted business in Texas as an interstate motor carrier by carrying goods by road for hire in, from and/or through Texas, entering into waybills, bills of lading and/or other contracts of carriage in Texas, entering into waybills, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

21. Alternatively, although Gibson may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Gibson has sufficient national minimum contacts with the United States as a whole.

22. The exercise of personal jurisdiction over Gibson is consistent with the Constitutions and other laws of the United States and Texas.

23. Serving Gibson with a summons is effective to establish personal jurisdiction over him.

24. On information and belief, Gibson is a "nonresident" as that term is used by Section 17.041(1) of the Texas Civil Practice and Remedies Code (the "Code"), and has not designated or maintained a resident agent in Texas.

25. Under Section 17.062(a) of the Code, the Honorable J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, is an agent for service of process on Gibson, who is a nonresident, in this suit against Gibson growing out of a collision or accident in which Gibson was involved while operating a motor vehicle in this state.

26. On information and belief, process or notice can be sent to Gibson at his last known address, 2134 20th Street, Apartment No. 6, Santa Monica, California 90405–1732.

### *IV.  Facts*

27. On or before June 14, 2021 and in consideration of charges paid or agreed to be paid, each or all of the Defendants expressly and/or impliedly promised to or for Danieli safely and/or properly to receive, handle, load, stow and secure the cargo aboard a properly permitted, suitable and roadworthy flatbed trailer at or near the Port of Houston, and then safely properly to carry and deliver the cargo, in the same good order and condition as when received, to Plaintiff's designated consignee in Mesa, Arizona.

28. On or about June 14, 2021, the cargo was tendered in good order and condition to one or all of the Defendants at or near the Port of Houston.

29. When the cargo was tendered to one or all of the Defendants at or near the Port of Houston, the receiving driver issued and/or signed for one or all of the Defendants one or more bills of lading and/or receipts, each free of exceptions or notations for loss or damage, acknowledging the cargo's receipt in apparent good order and condition.

30. The driver departed the cargo's origin at or near the Port of Houston with the cargo still in apparent good order and condition.

31. On information and belief and on or about June 17, 2021 while one or all of the Defendants was carrying the cargo westbound on I–10 at some location east of San Antonio, the driver suddenly, negligently and/or and recklessly allowed the cargo at a high rate of speed to collide with a highway overpass, proximately and severely damaging the cargo.

32. Accordingly, Defendants failed to deliver the cargo to Danieli's designated consignee in Mesa in the same good order and condition as when received.

33. At all times during the shipment, Danieli Taranis LLC owned the cargo.

34. At all times material to the shipment, Plaintiff insured Danieli and the cargo under a marine cargo insurance policy.

35. The sum of $141,974.25, plus all reasonable and necessary mitigation and incidental damages, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the cargo's actual loss.

36. Danieli and/or Plaintiff timely gave Defendants written loss notice and/or demand for payment of reasonable and necessary actual damages and/or for reimbursement of the cargo's sound market value.

37. Defendants have failed or refused to pay Danieli and/or Plaintiff any amount for the cargo's loss.

38. At all times material, Danieli performed all obligations under every applicable agreement with each or all Defendants.

39. At no time did any of Danieli's or Plaintiff's acts or omissions cause or contribute to cause the cargo's loss or Plaintiff's proximately resulting damages.

40. At all times material, Danieli and/or Plaintiff mitigated all damages arising from the cargo's loss in a commercially reasonable manner.

41. All conditions precedent have been performed or have occurred for Plaintiff to bring this action and demand payment from Defendants for all damages proximately arising from the cargo's loss.

42. It has become necessary for Plaintiff to employ the undersigned counsel to recover the damages owed by Defendants.

## V. Causes of Action

43. Plaintiff realleges and incorporates fully by reference all of the foregoing facts and other allegations.

### Carmack Claim

44. As the receiving or delivering motor carrier providing transportation or service subject to jurisdiction under Subchapter I or III of Chapter 135 or Chapter 105 of Title 49 of the United States Code, each Defendant is liable to Plaintiff as the person entitled to recover under the receipt or bill of lading for the cargo's actual loss or injury.

### Breach of Contract

45. Without waiving the foregoing and on information and belief, the cargo loss, Danieli's injury and Plaintiff's damages proximately resulted from Mach's and/or ELI's act(s) and/or omission(s) alternatively including, but not limited to, the following:

   (a) Failing and/or refusing reasonably to ascertain whether the actual carrier was reputable, competent, reliable, qualified, properly

    permitted and/or fit to receive, handle, load, stow, secure, carry, unload and deliver the cargo;

(b) Failing and/or refusing reasonably to ascertain whether the actual carrier was financially secure and/or maintained appropriate cargo insurance with a limit exceeding the cargo's value;

(c) Contracting with and/or assigning performance of the contractual duties owed to Danieli to a carrier that was not reputable, competent, reliable, qualified, properly permitted and/or fit to receive, handle, load, stow, secure, carry, unload and deliver the cargo;

(d) Contracting with and/or assigning performance of the contractual duties owed to Danieli to a carrier that neither was financially secure nor maintained appropriate cargo insurance with a limit exceeding the cargo's value;

(e) Failing and/or refusing to exercise due care in performing the contractual duties owed to Danieli;

(f) Failing and/or refusing to perform the contractual duties owed to Danieli in a good and workmanlike manner;

(g) Failing to comport with the standards of good faith and fair dealing of the motor property broker industry;

(h) Failing to meet the minimum acceptable standards and practices of the motor property broker industry;

(i) Failing to provide all services in accordance with sound professional practices and standards of care, skill and diligence to assure that the services would be of the highest professional quality, and proper and sufficient for the purposes contemplated in each agreement with or for Danieli;

(j) Failing to perform all acts reasonably necessary or desirable to fulfill its obligations under each agreement with or for Danieli; and/or,

(k) Failing to warn Danieli of any unreasonable risk of loss to the cargo.

Each of these acts and/or omissions constituted failure and/or refusal to comply with Danieli's express and/or implied instructions, breach of express and/or implied warranties, material breach of contract and/or breach of the duties owed by a transportation property broker, and proximately caused the cargo loss, Danieli's injury and Plaintiff's resulting damages.

*Breach of Common Law Duty to Perform
with Care, Skill, Reasonable Expedience and Faithfulness*

46. Alternatively, without waiving the foregoing and at all times material and arising from its express and implied agreement with and/or for Danieli, Defendants each owed Danieli the common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done so as not to injure Danieli and/or the cargo by its performance. See, *e.g.*, *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947).

47. The cargo loss, Danieli's injury and Plaintiff's damages proximately resulted from each Defendant's breach of its duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done so as not to injure Danieli and/or the cargo by its performance

## VI.  Res  Ipsa  Loquitor

48. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence was exclusively within each Defendant's control.

## *VII. Damages*

49.Plaintiff legally is entitled to recover from Defendants the amount of the actual loss to the cargo.

50.A sum in excess of the amount of $141,974.25, if paid now in cash to Plaintiff, fairly and reasonably would compensate it for the full actual loss of the cargo, all resulting economic loss, all resulting consequential damages, and all reasonable and necessary incidental damages proximately resulting from Defendants' respective act(s) and/or omission(s).

51.Under each of Mach's and/or ELI's agreement with and/or for Danieli, and pursuant to § 38.001 of the Texas Civil Practice & Remedies Code, Plaintiff is entitled to recover reasonable and necessary attorney fees from Mach and ELI.

52.Plaintiff also legally is entitled to recover from each Defendant interest on all damages, dating from June 14, 2021, and post–judgment interest and costs of court incurred.

## *VIII. Prayer*

WHEREFORE, PREMISES CONSIDERED, Plaintiff Zurich Insurance PLC respectfully prays that this Honorable Court adjudge that Defendant, Mach 1 Air Services, LLC, England Logistics, Inc. and Trey Gibson, jointly and severally, are liable to Plaintiff for its alleged damages, attorney fees, pre–judgment interest, court costs and post–judgment interest, and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____/s/ Robert C. Oliver_____
    Robert C. Oliver
    State Bar No. 15255700
    S. D. Texas No. 886
    5535 Memorial Drive, No. F570
    Houston, Texas 77007
    Telephone:   (713) 864–2221
    Facsimile:   (713) 864–2228
    Email:   macknife@macknife.net

OF COUNSEL:
Martin F. Casey
S.D.N.Y. No. 2094282
Casey & Barnett, LLC
305 Broadway, Suite 1202
New York, New York 10007
Telephone: (212) 286–0225

ATTORNEYS FOR PLAINTIFF

12